**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| Valtrus Innovations Ltd. and Key Patent Innovations Ltd.,<br><br>Plaintiffs,<br><br>v.<br><br>365 Data Centers Holdings, LLC; 365 Operating Company LLC; and 365 Data Center Services LLC,<br><br>Defendants. | Civil Action No. 3:26-cv-02755<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiffs Valtrus Innovations Limited ("Valtrus") and Key Patent Innovations Limited ("KPI") (collectively, "Plaintiffs"), by and through undersigned counsel, bring this complaint for patent infringement and damages against Defendants 365 Data Centers Holdings, LLC; 365 Operating Company LLC; and 365 Data Center Services LLC (collectively, "Defendants") and, in support, allege the following:

**PARTIES**

1. Valtrus is the successor-in-interest to a substantial patent portfolio created by Hewlett Packard Enterprise and its predecessor, subsidiary, and affiliate companies, including Hewlett-Packard Development Company, L.P. (collectively, "HPE"). Valtrus is an Irish entity duly organized and existing under the laws of Ireland. The address of the registered office of Valtrus is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

2. KPI is the beneficiary of a trust pursuant to which Valtrus owns, holds, and asserts the Asserted Patents. KPI is an Irish entity duly organized and existing under the laws of

Ireland. The address of the registered office of KPI is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

3. On information and belief, Defendant 365 Data Centers Holdings, LLC ("365 Holdings") is a limited liability company organized and existing under the laws of the State of Delaware. On information and belief, 365 Holdings can be served with process at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

4. On information and belief, Defendant 365 Operating Company LLC ("365 Operating") is a limited liability company organized and existing under the laws of the State of Delaware. On information and belief, 365 Operating can be served with process at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

5. On information and belief, Defendant 365 Data Center Services LLC ("365 Services") is a limited liability company organized and existing under the laws of the State of Delaware. On information and belief, 365 Services can be served with process at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

6. On information and belief, Defendants work together to form a joint enterprise responsible for owning, managing, and operating the 365 Data Centers portfolio of data centers. For example, 365 Operating is the owner of the trademark for 365 Data Centers and submitted a statement of use asserting that it began using the 365 Data Center trademark on its website advertising data centers in March 2014. On information and belief, 365 Services is responsible for managing the 365 Data Center properties. On information and belief, 365 Holdings is the owner of 365 Operating and 365 Services and employs executives that make decisions about the 365 Data Centers portfolio of companies and data center properties.

**ASSERTED PATENTS**

7. Valtrus is the assignee of and owns all right and title to each of the Asserted Patents, which are U.S. Patent Nos. 6,854,287 (the '287 Patent); 6,868,682 (the '682 Patent); and 6,718,277 (the '277 Patent).

8. The Asserted Patents were developed by inventors working for HPE. HPE developed numerous innovative and diverse technologies, including groundbreaking inventions pertaining to data center cooling and analytics for monitoring conditions in data centers.

9. The '287 Patent, entitled "Cooling System," was duly and lawfully issued on February 15, 2005. A true and correct copy of the '287 Patent is attached hereto as Exhibit 1.

10. The '287 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the '287 Patent, including the right to seek damages, including past damages, for any infringement thereof.

11. The '682 Patent, entitled "Agent Based Control Method and System for Energy Management," was duly and lawfully issued on March 22, 2005. A true and correct copy of the '682 Patent is attached hereto as Exhibit 2.

12. The '682 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the '682 Patent, including the right to seek damages, including past damages, for any infringement thereof.

13. The '277 Patent, entitled "Atmospheric Control Within a Building," was duly and lawfully issued on April 6, 2004. A true and correct copy of the '277 Patent is attached as Exhibit 3.

14. The '277 Patent was in full force and effect from its issuance to its expiration. Valtrus owns by assignment the entire right and title in and to the '277 Patent, including the right to seek damages, including past damages, for any infringement thereof.

## JURISDICTION AND VENUE

15. This is an action for patent infringement arising under the United States Patent Laws, 35 U.S.C. § 100 et seq.

16. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

17. Defendants operate a data center at 1001 E. Campbell Road, Richardson, TX 75081.[1]

18. This Court has general and specific personal jurisdiction over Defendants. Defendants operate a data center in this District. Defendants have maintained offices, employees, and business operations in Texas, and therefore purposefully availed themselves of the privileges of conducting business in Texas and has minimum contacts with the State of Texas. The exercise of personal jurisdiction is proper under the Texas long-arm statute, Tex. Civ. Prac. & Rem. Code § 17.042, and consistent with the Due Process Clause. The Court also has specific personal jurisdiction over Defendants because, on information and belief, they have performed methods in their Texas data center facility that infringed the Asserted Patents, such that Plaintiffs' causes of action arise directly out of Defendants' contacts with Texas.

19. Venue is proper in this District under 28 U.S.C. § 1400(b). Defendants have a regular and established place of business in this District at their data center facility in Richardson. On information and belief, as set forth below, Defendants have committed acts of infringement in this District at this facility.

[1] https://365datacenters.com/richardson-data-center/

**DEFENDANTS' DATA CENTERS AND INFRINGING CONDUCT**

20. Defendants own and operate colocation data centers in 16 markets across the United States.[2] Defendants' data centers implement cooling equipment from various suppliers, and Defendants used that equipment to perform methods of cooling that, on information and belief, infringed the Asserted Patents.

21. In particular, Defendants used cooling equipment from Vertiv in their data centers. Publicly available data center information describes Defendants as using Liebert CRAC units in a Phoenix data center they previously operated prior to expiration of the Asserted Patents.[3] Additionally, Defendants advertise using Liebert cooling units on raised floors in its data centers.[4]

> In addition, our Marlborough data center is fed by redundant utility feeds with diverse routing to substations, is protected by a pre-action sprinkler system, and features 780-tons of Liebert cooling on the raised floors. This facility also serves as 365's premiere business continuity center in the northeast quadrant of the United States.

22. Defendants also used Stulz cooling equipment in their data centers. For example, the same publicly available information describes Defendants as using Stulz CRAC units in a data center they operated prior to expiration of the Asserted Patents.[5]

---

[2] https://365datacenters.com/company/
[3] https://www.datacentermap.com/usa/arizona/phoenix/sungard-long-island/
[4] https://365datacenters.com/marlborough-data-center/#:~:text=Our%20Marlboro%20data%20center%20is,quadrant%20of%20the%20United%20States.
[5] https://www.datacentermap.com/usa/arizona/phoenix/sungard-long-island/

23. On information and belief, Defendants may have used other cooling equipment or software from suppliers beyond those listed above in its data centers to perform methods that infringe the Asserted Patents, including, for example, Trane, Schneider Electric, and DataAire. On information and belief, Defendants may also use equipment from additional suppliers that Valtrus is not aware of from public information but that can be identified through discovery.

24. Valtrus notified 365 Data Centers of its infringement of its patent portfolio relating to data center technologies and sought to resolve this dispute outside litigation prior to bringing this case.

25. On January 9, 2025, Valtrus's counsel sent a letter to 365 Data Centers, informing 365 Data Centers about its patent portfolio and offering an opportunity to license Valtrus's patents. The letter attached a representative list of data center-related patents and included claim charts demonstrating infringement of seven patents, including the '287 Patent, '682 Patent, and '277 Patent. The letter also noted that Valtrus had incomplete information regarding the products and methods used by 365 Data Centers in its data centers because those data centers are secure facilities that are not open to the public, and offered to enter into a non-disclosure agreement with 365 Data Centers to confirm the scope and extent of 365 Data Centers's infringement.

26. The parties subsequently discussed a potential licensing agreement. However, the parties were unable to reach an acceptable license.

27. Because 365 Data Centers has not agreed to resolve this dispute outside of litigation, Plaintiffs have been forced to file this case to protect their valuable patent rights.

## FIRST CLAIM

**(Infringement of the '287 Patent)**

28. Valtrus re-alleges and incorporates herein by reference paragraphs 1-27 of the Complaint.

29. The ’287 Patent is generally directed to a system and method for cooling a room configured to house a plurality of computer systems.

30. Defendants infringed the ’287 Patent by performing methods of cooling its data centers prior to the expiration of the ’287 Patent. As described above, Defendants used cooling equipment and control software from at least Stulz[6] to cool its data centers, and may have also used other cooling equipment from Schneider Electric, Trane, DataAire, or other suppliers in a similar manner to perform the claimed methods. Exemplary claim charts reflecting how Defendants used or may have used these products to infringe claim 1 of the ’287 Patent are attached as Exhibits 4-6.

## SECOND CLAIM

### (Infringement of the ’682 Patent)

31. Valtrus re-alleges and incorporates herein by reference paragraphs 1-27 of the Complaint.

32. The ’682 Patent is generally directed to a system and method for controlling temperature in a data center based on sensory data.

33. Defendants infringed the ’682 Patent by performing methods of cooling its data centers prior to the expiration of the ’682 Patent. As described above, Defendants used cooling equipment and control software from at least Vertiv and Stulz to cool its data centers, and may have also used other cooling equipment from Schneider Electric, Trane, DataAire, or other suppliers in a similar manner to perform the claimed methods. Exemplary claim charts reflecting

---

[6] Valtrus is not asserting the ’287 Patent based on Defendants’ use of Vertiv cooling equipment in light of its representation to the Eastern District of Texas that it would not assert that patent against any additional customers if the Court consolidated various pending cases.

how Defendants used or may have used these products to infringe claim 1 of the ’682 Patent are attached as Exhibits 7-10.

**THIRD CLAIM**

**(Infringement of the ’277 Patent)**

34. Valtrus re-alleges and incorporates herein by reference paragraphs 1-27 of the Complaint.

35. The ’277 Patent is generally directed to a system and method for controlling atmospheric conditions within a data center building.

36. Defendants infringed the ’277 Patent by performing methods of cooling its data centers prior to the expiration of the ’277 Patent. As described above, Defendant has used cooling equipment from at least Stulz to cool its data centers, and may have also used other cooling equipment and software from Schneider Electric, Automated Logic, Nlyte, or other suppliers in a similar manner to perform the claimed methods. An exemplary claim chart reflecting how Defendant used or may have used these products to infringe claim 1 of the ’277 Patent is attached as Exhibit 11.

**PRAYER FOR RELIEF**

WHEREFORE, Valtrus prays for judgment against Defendants, as follows:

A. That Defendants have infringed each of the Asserted Patents;

B. That Defendants pay Plaintiffs damages adequate to compensate Plaintiffs for its past infringement of each of the Asserted Patents, together with interest and costs under 35 U.S.C. § 284;

C. That Defendants pay prejudgment and post-judgment interest on the damages assessed;

D. That this is an exceptional case under 35 U.S.C. § 285; and that Defendants pay Plaintiffs' attorneys' fees and costs in this action; and

E. That Plaintiffs be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury on all issues triable to a jury.

Date: August 18, 2026

Respectfully submitted,

*/s/ Eric H. Findlay*

Eric H. Findlay (TX Bar No. 00789886)
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Suite B
Tyler, Texas 75703
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com

Matthew G. Berkowitz* (CA Bar No. 310426)
Aaron Morris* (CA Bar No. 341166)
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
Fax: (650) 560-3501
mberkowitz@reichmanjorgensen.com
amorris@reichmanjorgensen.com

Connor S. Houghton* (DC Bar No. 888314379)
Natalie N. Griffin* (DC Bar No. 90005576)
Reichman Jorgensen Lehman & Feldberg LLP
1909 K Street NW, Suite 800
Washington DC, 20006
Tel: (202) 894-7310
Fax: (650) 560-3501
choughton@reichmanjorgensen.com
ngriffin@reichmanjorgensen.com

Patrick Colsher* (NY Bar No. 4883542)
Sean M. McCarthy* (NY Bar No. 5202593)
Reichman Jorgensen Lehman & Feldberg LLP
650 Fifth Avenue, Suite 2320
New York, NY 10019
Tel: (212) 381-1965
Fax: (650) 560-3501
pcolsher@reichmanjorgensen.com
smccarthy@reichmanjorgensen.com

**pro hac vice forthcoming*

*Attorneys for Plaintiffs*